UNITED STATES of America, Plaintiff,

v.

Larry D. PINCKNEY, Sr., Gordon D. MacDonald, George R. Richardson, II, James Allen Rader, and Charles R. Scofield, Defendants.

No. 80–06003–01/05–CR–SJ.

United States District Court,
W. D. Missouri,
St. Joseph Division.

June 18, 1980.

Ronald S. Reed, Jr., U. S. Atty., and Cynthia A. Clark, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

James M. Yeretsky, Jackson & Sherman, Kansas City, Mo., for defendant Pinckney.

ORDER DENYING MOTION TO TERMINATE APPOINTMENT OF COUNSEL OR TO REQUIRE PAYMENT OF ATTORNEY'S FEES, WITHOUT PREJUDICE TO RENEWAL OF MOTION FOR REIMBURSEMENT OF COSTS UPON ADEQUATE DEMONSTRATION OF ABILITY TO PAY

SACHS, District Judge.

The Government has moved for revocation of the appointment of counsel for defendant Pinckney or for an order that said defendant pay reasonable attorney's fees to his appointed attorney or to the Court for deposit in the United States Treasury as reimbursement.

The Government states that defendant Pinckney has obtained permission for a business trip to Hong Kong, that the round-trip coach class airline fare to Hong Kong is $1,564, and that hotel rooms in that city average $70 per night. The Government asks the Court to assume that a person who can make such a trip "can afford to pay, at least in part, for his own attorney's fees" and that he must have "ample personal funds".

An inquiry has already been made into defendant's financial condition, and his ability to finance the legal defense in this major litigation. The indictment is brought against five defendants, in forty-seven counts, and runs on for twenty-seven pages. Fraudulent use of interstate facilities is alleged, together with transportation of property obtained by defrauding investors. 110 Government witnesses have been listed.

The Court has been informally advised that a two-month trial is in prospect, and has been formally advised that Pinckney's counsel anticipates a time commitment in excess of 1,000 hours.

Under these circumstances, retention of experienced and competent private counsel would impose a severe financial burden on almost any defendant. Payment of a retainer fee of $50,000 might not be inappropriate, before private counsel would undertake the defense of any of the five individual defendants. Faced with such a prospect, all but a small percentage of defendants would doubtless be classifiable as legally indigent, and entitled to defense by court-appointed counsel.

Financial ability to take a business trip to Hong Kong does not in itself raise any question of substance, under the circumstances. Defendant's counsel states, moreover, that "defendant Pinckney is not paying for his trip to Hong Kong . . . nor is he going to incur any expense in this endeavor."

An order for reimbursement of counsel fees initially paid by the Government is authorized by federal statute (18 U.S.C. § 3006A(f)), upon a finding that "funds are available" for such payment. Such a finding and order is authorized "whenever" funds are found to be available for payment. See *United States v. Bracewell*, 569 F.2d 1194 (2d Cir. 1978); *United States v. Wetzel*, 488 F.2d 153 (8th Cir. 1973). A requirement for reimbursement may, for example, be made a condition of probation. *United States v. Allen*, 596 F.2d 227, 232 (7th Cir. 1979).

There is no constitutional prohibition against requiring a convicted person to ultimately pay counsel costs "when he is indigent at the time of the criminal proceedings but subsequently acquires the means to bear the costs of his legal defense." *Fuller v. Oregon*, 419 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). An opinion of the Tenth Circuit suggests, however, that an *acquitted* person cannot be required to pay counsel fees incurred when he was legally indigent, upon subsequent improvement in his financial condition. *Olson v. James*, 603 F.2d 150, 155 (10th Cir. 1979). This conclusion is dubious. In the *Fuller* case the United States Supreme Court held it was rational for the Oregon legislature to so limit the obligation to make reimbursement. The Court in *Fuller* did not hold that an acquitted defendant should necessarily be freed from an obligation to pay counsel fees

as soon as his financial condition permits. Assuming good cause for prosecution, the Court does not understand why a person who becomes financially able to pay counsel fees should enjoy a lifetime exemption from that obligation. The Federal statute makes no distinction between the successful and unsuccessful defense of prosecution.

■ Under the Federal reimbursement statute, it would appear that the Court may make inquiry, at any time during and perhaps after litigation, as to a defendant's ability to help finance his defense. The test is not whether all counsel fees can be paid; rather, the inquiry is whether a defendant has any available funds to help defray expenses. 18 U.S.C. § 3006A(c). While a "full-fledged adversarial inquiry into the nature and amount of a defendant's assets" may not be required, a wide-ranging inquiry into the defendant's personal and familial financial status is necessary, in such a case, to evaluate the hardship that would be imposed by depriving a defendant of his funds. *United States v. Bracewell*, 569 F.2d 1194, 1200 (2d Cir. 1978). Further inquiry may thus be appropriate in this case from time to time, but the present motion filed by the Government is premature and inadequately supported. Close post-trial inquiry may be appropriate.

It is therefore ORDERED that the Government's motion to terminate appointment of counsel for defendant Pinckney or to require payment of attorney's fees is denied, without prejudice to renewal of a motion for reimbursement by any defendant, upon demonstration that he has available funds.