Samuel Earl **WILLIAMS,**
Petitioner-Appellant,

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections,**
Respondent-Appellee.

No. 81–2374
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 2, 1982.

---

8. *See Stephens v. Monongahela National Bank,*   111 U.S. 197, 4 S.Ct. 336, 28 L.Ed. 399 (1884).

A. Frank Koury (court appointed), Fulbright & Jaworski, Houston, Tex., for petitioner-appellant.

Charles Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

Three years and one day after it was filed, Samuel Earl Williams' petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, was dismissed by the district court for failure to state a claim upon which relief can be granted. We affirm the district court's decision denying Williams leave to proceed in forma pauperis. We also affirm the dismissal of Williams' claim based on a violation of the Texas Code of Criminal Procedure. The other claims set out in Williams' petition, however, all state facts which, if proved, may establish that Williams is entitled to federal habeas corpus relief. Accordingly, we vacate the district court's dismissal of these claims.

1. The district court's denial of Williams' motion to proceed in forma pauperis, *see* 28 U.S.C. § 1915, is affirmed. The decision whether to grant a request to proceed in forma pauperis is committed to the discretion of the district court. *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981). Although Williams had only $27.40 in his inmate trust account when the district court reviewed his request to proceed in forma pauperis, his affidavit made clear that he received approximately $30.00 each month—$360.00 per year—from his family. Considering Williams' financial condition, we find no abuse of discretion in requiring a payment of $8.00 to cover filing and service fees.

2. We also affirm the district court's dismissal of Williams' claim that his convictions are void because his guilty plea was received in violation of articles 1.13, 1.14, and 1.15 of the Texas Code of Criminal Procedure. "Failure to comply with the requirements of a Texas criminal procedure statute does not, of itself, raise a federal constitutional question cognizable in a federal habeas corpus proceeding." *Stewart v. Estelle*, 634 F.2d 998, 999 (5th Cir. 1981).

3. Williams' remaining claims—(1) that his guilty plea was involuntary, (2) that the state court failed to admonish him fully on the consequences of his guilty plea, and (3) that he was denied effective assistance of

counsel—all stem from his plea bargain and subsequent entry of a plea of guilty. We vacate the district court's dismissal of these claims.

■ It is well-settled that a plea of guilty may not stand either if it is induced by an unkept plea bargain or if it is made without knowledge of its consequences. *See, e.g., United States v. Ammirato*, 670 F.2d 552, 554–55 (5th Cir. 1982) (§ 2255).

It is Williams' contention that in exchange for a guilty plea, his lawyer secured an agreement from the prosecutor for a sentence of no more than twenty-five years with a promise of early parole. Williams claims that when he entered his guilty plea he was not warned that his sentence might exceed the term agreed upon with the prosecutor. In his petition, he alleges that he "was promised by the state's attorney a sentence of twenty-five (25) years . . . . with [a] promise that a parole" would come in five and one-half years. He also specifies that the "court failed to admonish [him] . . . as to the consequences of the plea of guilty, that is, the punishment provided by law for the offense charged and the punishment which could be inflicted under his pleas."

■ The district court—apparently accepting as established the facts set out in the State's answer—dismissed Williams' petition "for failure . . . to state a claim upon which relief can be granted." *See* Fed.R. Civ.P. 12(b)(6); *cf.* R. 4, Rules Governing Section 2254 Cases in the United States District Courts (summary dismissal). This was improper.

> The allegations . . . were not in themselves so "vague or conclusory" as to warrant dismissal for that reason alone. [Williams] alleged as a ground for relief that his plea was induced by an unkept promise. But he did not stop there. He proceeded to elaborate upon this claim with specific factual allegations. The petition indicated exactly what the terms of the promise were; when, where, and by whom the promise had been made . . . . The critical question is whether these allegations, when viewed against the record

of the plea hearing, were so "palpably incredible," so "patently frivolous or false" as to warrant summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 75–76, 97 S.Ct. 1621, 1629–30, 52 L.Ed.2d 136 (1976) (footnotes and citations omitted). In view of the absence of a transcript of the hearing at which Williams' guilty plea was accepted, and the confused nature of the subsequent state habeas corpus proceedings, we conclude that Williams' claims—(1) that his guilty plea was involuntary, (2) that the state court failed to admonish him fully on the consequence of his guilty plea, and (3) that he was denied effective assistance of counsel—should not have been dismissed by the district court. *See id.* at 76, 97 S.Ct. at 1630.

AFFIRMED in part; VACATED and REMANDED in part.