**UNITED STATES of America**

v.

**Tyrone SHEPPARD.**

**Crim. No. 83–0014–01–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

April 1, 1983.

N. George Metcalf, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Victor A. Motley, Richmond, Va., for defendant.

**ORDER**

WARRINER, District Judge.

This matter is before the Court on application of defendant's attorney, pursuant to 18 U.S.C. § 3006A(e)(1), for a transcript at government expense of the trial in the criminal prosecution styled *United States v. Nimmons,* No. 82–00100. Defendant also requests an extension of the time within which to file a motion to suppress evidence.

The transcript that defendant seeks is of the joint trial of his co-defendants who, through administrative error, were tried apart from defendant. Defendant had been indicted with his co-defendants for felonious assault on an inmate. Defendant contends a transcript of the prior proceeding is an essential tool for the preparation of his own defense against the same charges.

■ The right of an indigent criminal defendant to a transcript of a prior proceeding is well settled where the Court finds the transcript[1] is necessary for an adequate defense in a subsequent proceeding.[2] *See United States v. Rosales-Lopez,* 617 F.2d 1349, 1355–56 (9th Cir.1980). Courts have generally considered a transcript of an indigent criminal defendant's prior trial to be reasonably necessary to an effective defense where the first proceeding ended in a mistrial. *See Britt v. North Carolina,* 404 U.S. 226 at 228, 92 S.Ct. 431 at 434, 30 L.Ed.2d 400 (1971); *United States v. Rosales-Lopez,* 617 F.2d at 1355–56.

■ The question before this Court, however, is whether a transcript of a prior trial to which defendant was not a party is reasonably necessary for defendant to present an adequate defense. The Ninth Circuit has stated that "other services"[3] are necessary to an adequate defense when a "reasonable attorney would engage such serv-

---

1. 18 U.S.C. § 3006A(e) provides the procedure whereby an indigent criminal defendant may obtain at government expense "investigative, expert, or *other services* necessary for an adequate defense" (emphasis added). Transcripts of prior proceedings are regarded as "other services." *See, e.g., United States v. Johnson,* 584 F.2d 148, 157 (6th Cir.1978).

2. The right of such defendant to the essential tools of defense is both constitutional and statutory. *See Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971); *United States v. Rosales-Lopez,* 617 F.2d 1349, 1355 (9th Cir.1980); 18 U.S.C. § 3006A(e).

3. *See* note 1 *supra.*

ices for a client having the independent financial means to pay for them." *United States v. Sims,* 617 F.2d 1371, 1375 (9th Cir.1980) (eyewitness expert), *United States v. Hartfield,* 513 F.2d 254, 257–58 (9th Cir. 1975) (electroencephalogram). A better test to determine the "necessity" of the transcript in this case is whether the attorney's failure to obtain the transcript, if his client could afford such, would amount to malpractice. The Court believes defense counsel, if representing a non-indigent defendant, would have to obtain the transcript sought here in order to keep his representation within the "range of competence demanded of attorneys in criminal cases," the Fourth Circuit standard for judging effective assistance of counsel. *See Marzullo v. Maryland,* 561 F.2d 540, 543 (4th Cir.1977), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978).

Accordingly, the Court ORDERS that the transcript of the trial in the case of *United States v. Nimmons* be furnished at government expense to counsel for the defendant.

Defendant's motion for an extension of time in which to file a motion to suppress evidence is DENIED. The time has passed within which defendant may file such motion. Local Rule 27. Though the Court authorizes a transcript in furtherance of adequate defense preparation, the Court is not thereby obligated to grant an extension for submission of motions so that defense counsel may comb the transcript for "factual basis to support any motions to suppress." Defendant's Motion for Extension at 2.

And it is so ORDERED.