**Oss SMITH, Jr., Petitioner-Appellant,**

v.

**Alex MARTINEZ and W.J. Estelle, Jr., Director Texas Department of Corrections, Respondents-Appellees.**

No. 83–2021
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1983.

Oss Smith, Jr., pro se.

Jim Mattox, Atty. Gen., Iris J. Jones, Douglas M. Becker, Asst. Attys. Gen., Austin, Tex., for respondents-appellees.

Before GEE, RANDALL and TATE, Circuit Judges.

TATE, Circuit Judge:

Under the circumstances presented, we find no abuse of the trial court's discretion in its requirement that the in forma pauperis prisoner plaintiff pay partial filing and service fees totalling $3.00 from the next of the periodic deposits to be made in his prison account, finding also that the plaintiff was given adequate notice and time to comply with this requirement. We therefore affirm the dismissal of his suit for his failure to make such partial payment of costs.

---

This is a civil rights suit. 42 U.S.C. § 1983. The plaintiff Smith, a Texas state prisoner, sues two prison officials for monetary and injunctive relief, alleging violations of his constitutional rights during his confinement. The plaintiff Smith applied for leave to proceed in forma pauperis. 28 U.S.C. § 1915(a). Examining the plaintiff's financial data (principally his prison trust account), the magistrate deemed Smith capable of making partial payment of the filing and service fees and ordered him to pay the clerk of court $1.00 for filing fee and the United States marshal $2.00 for the service fees. *See Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977). Eventually, Smith's suit was dismissed for failure to comply with this order to make partial payment.

### 1

To help cope with the large volume of indigent prisoner complaints filed, the Southern District of Texas adopted a plan requiring minimal partial payment of filing costs when, upon examination of an application to proceed in forma pauperis under 28 U.S.C. § 1915, a prisoner was found to possess sufficient resources to do so without financial hardship. This plan and its flexible guidelines are described in *Braden v. Estelle, supra,* where the prisoner was required to pay $9.00 within thirty days as partial payment of the filing and service fees, the remainder being waived, 428 F.Supp. at 601. The court reasoned that if it had sound discretion to waive all filing fees, it had the same discretion to waive only part of them. 428 F.Supp. at 598–99.

This court described the Southern District plan and (then) general order in *Green v. Estelle,* 649 F.2d 298, 301 (5th Cir.1981). Pretermitting whether it was ever appropriate to exact partial payment, 649 F.2d at 302, we held that in that case the requirement that the prisoner pay forty percent of his assets ($12 costs from $30 assets) for the privilege of filing his pro se civil rights complaint was an abuse of discretion. *Id.* However, in *Williams v. Estelle,* 681 F.2d 946 (5th Cir.1982), without discussion of the plan, we upheld that the denial of a motion

to proceed in forma pauperis, finding there was no abuse of discretion in requiring the prisoner to pay $8.00 to cover filing and service fees, where (although he had only $27.40 in his inmate account), the data reflected that he received $30 each month ($360 per year) from his family. 681 F.2d at 947. *See also Evans v. Croom,* 650 F.2d 521 (4th Cir.1981) *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982) (substantially upholding a similar district court order for flexibly-administered modest partial payment of court costs by prisoners suing in forma pauperis).

■ *Green* and *Williams, supra,* may thus be read as holding that the district court has discretion, subject to review for abuse, to require an indigent prisoner to pay at least minimal service and filing fees where the data of present assets or reasonably contemplated periodic payments show that he may do so without undue financial hardship.

### 2

In the present instance, in requiring the indigent Smith to pay court costs of $3.00, the magistrate took account of the circumstance that his prisoner account indicated periodic deposits into his trust account totalling $35 over the three months preceding the filing of the complaint, and Smith's corroborative statement in his affidavit that he received about $20 monthly from his family. Although Smith had only three cents in his account at the time the order for partial payment was entered, the magistrate provided that the $3.00 payment was to be made from the next deposit in his trust account, with the plaintiff permitted to proceed in forma pauperis until then. The order also notified Smith that failure to comply with the partial payment as directed in the order "may result in dismissal of this action."

The magistrate's order was filed on September 3, 1982. It also provided that Smith's trust account would be monitored to enforce compliance with the order. Smith did not attempt to comply. However, on October 19 he filed a new affidavit of poverty, alleging he was unable to comply with the order of partial payment since

his family could not make payments on a regular basis, although he had received one payment from them of $20 on October 4, but that he was without money for stamps, envelopes, legal materials, toothpaste, etc. Again, on December 1, he filed yet another affidavit of poverty, alleging that he had only $10 in his trust account and no income, with the only money he received being from his family for the purpose of personal maintenance.

On December 29, 1982; nearly four months after the initial order, the district court dismissed Smith's complaint for failure to comply with its order of September 3 that had required the plaintiff Smith to pay $3.00 costs from the next deposit to his trust account in order to receive the benefit of proceeding in forma pauperis under 28 U.S.C. § 1915. The court recited that, from its monitoring of Smith's trust account (printouts attached to the order), it was shown that Smith had received two deposits totalling $40 in the interval but had not made any effort to comply with the earlier order for partial payment. Final judgment dismissing the claim was entered the same day.

On January 6, 1983, the plaintiff Smith filed a motion to reconsider the orders for partial payment and of dismissal, reiterating the same facts of indigency and alleging inability to comply with the partial payment order. Alternatively, he moved for leave to appeal in forma pauperis. The court granted the alternative motion, finding the appeal not frivolous, and that Smith had met the economic requirements to appeal in forma pauperis, in view of the high filing fee for an appeal.

3

The issue is whether, under all the circumstances presented, the trial court abused its discretion in requiring Smith to make partial payment of costs totalling $3.00 in order to proceed in forma pauperis. *Williams, supra,* 681 F.2d at 947; *Green, supra,* 649 F.2d at 301–302. In contending for reversal, Smith relies only upon the facts of indigency previously stated.

Using the computer printouts of Smith's prison trust account, his monthly income may be calculated at between $11 and $13 per month, an annual receipt of moneys totalling approximately $144 per year. No reason is suggested or advanced why the court could not reasonably anticipate that Smith's family would continue to make periodic deposits to his credit, as was not the case in *Green* (see 649 F.2d at 302). While the requirement that Smith make a $3.00 partial payment of court costs approached 30% of his monthly income, the effect of the court's order was to give Smith additional time of nearly three months to make the payment. The order of dismissal was founded upon Smith's failure to make this small payment, despite having received $40 in the interval after it was ordered.

Under all of these circumstances, we are unable to say that the trial court abused its discretion in requiring Smith to make a partial payment of $3.00 court costs in order to be permitted to proceed in forma pauperis under 28 U.S.C. § 1915, and in dismissing the complaint for Smith's failure to comply with this order over a three month period. Accordingly, we AFFIRM the judgment dismissing his suit.

AFFIRMED.