Samuel Earl **WILLIAMS**,
Petitioner-Appellant,

v.

Raymond K. **PROCUNIER**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 83–2673
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 9, 1984.

A. Frank Koury, Fulbright & Jaworski, Houston, Tex. (court appointed), for petitioner-appellant.

Jim Mattox, Atty. Gen. of Tex., Charles A. Palmer, Robert S. Walt, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, JOLLY, and DAVIS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A state prisoner seeks habeas corpus to vacate his conviction of Texas state criminal offenses based on pleas of guilty entered in 1968. He alleges that: his pleas were induced by representations made both by his defense counsel and the state's attorney that the prosecutor's recommendation of a 25-year sentence would be binding on the state judge, but the judge in fact sentenced him to 50 years; the state judge failed fully to admonish him on the consequences of his guilty plea; and his counsel was ineffective. We refuse to find clearly erroneous the district court's findings of fact entered after an evidentiary hearing that entailed assessment of witness credibility; and, on the basis of those findings, we affirm the judgment denying relief.

Samuel Earl Williams, the petitioner, was indicted eighteen times by a Harris County, Texas, grand jury. One of the indictments charged robbery by firearms, a capital offense. The other indictments charged various other offenses including robbery by assault, theft, assault with intent to rob, and attempted robbery by firearms. Williams, represented by appointed counsel, entered pleas of not guilty.

The state filed notice that it would seek the death penalty for the alleged capital offense. Williams and the state prosecutor subsequently agreed that, in exchange for Williams' plea of guilty to the charges, the state prosecutor would recommend twenty-five years confinement for all the offenses. Williams contends that he was led to believe by both his appointed counsel and the state prosecutor that such a sentence would make him eligible for parole in about six years and that the plea bargain as to both his length of sentence and his eligibility for parole was binding on the state district court.

On February 19, 1968, Williams pleaded guilty in open court. No transcript of the proceeding can be located. Thereafter, the state court sentenced him to various terms of confinement in the Texas Department of Corrections, to be served concurrently, the longest of which was fifty years for the robbery by firearms indictment. After sentencing Williams filed a motion for a new trial. When this was denied, Williams unsuccessfully sought to withdraw his guilty pleas. He did not appeal his conviction.

In 1975, Williams filed an application pro se for a writ of habeas corpus with the convicting state court, alleging claims substantially identical to those later raised in this federal proceeding. In the meanwhile the state trial judge had died. Without holding a formal evidentiary hearing but after hearing oral argument, a state judge granted the writ. The state court then dismissed thirteen of the counts, Williams pleaded guilty to the remaining five, and the court sentenced him to twenty-five years.

In 1977, again proceeding pro se, Williams sought a habeas writ from the same district court on the ground that the state had breached the portion of the plea bargain that concerned his eligibility for parole. Without conducting an evidentiary hearing, that court summarily denied this application. On Williams' appeal, the Texas Court of Criminal Appeals reversed the

state trial court's June 1975 decision thus reinstating the fifty-year sentence.[1]

Williams then sought relief in federal court. The district court dismissed his petition without an evidentiary hearing; but, on appeal, we reversed and remanded for such a hearing.[2] On remand, a magistrate held an evidentiary hearing, entered findings of fact, and recommended dismissal of the petition. Thereafter the district court adopted most of the fact findings and dismissed the case.

At the federal hearing, Williams presented evidence that he did not knowingly and voluntarily plead guilty to the state charges. When Williams pleaded guilty he was eighteen years old and, according to his former lawyer, had a "low mentality." Both Williams' mother and Williams testified that Williams' former lawyer and the state prosecutor both told him that: the prosecutor would recommend a twenty-five year sentence if he pleaded guilty, he would become eligible for parole in about six years, and the prosecutor's recommendations would be binding on the state judge. In addition, the motion for a new trial filed shortly after sentence was imposed alleged that both Williams' counsel and Williams were surprised at the fifty-year sentence, and that Williams felt "that he [had] been tricked into pleading guilty ... and is justified in feeling so." The motion did not, however, state that the prosecutor had promised the state court would follow his recommendation, or that Williams' counsel had made such a promise, or that the state court had failed to advise Williams that prosecutorial recommendations were not binding on it.

The state offered evidence to rebut Williams' allegations. The lawyer who had been the prosecutor testified that he had no specific recollection about the plea bargain. Under Texas law, his recommendation would not have bound the trial court. He felt sure he would never have made a statement that his sentence recommendation would bind the state judge and he did not recall ever making any recommendations with respect to eligibility for parole, for "[t]hat was out of our discretion." Williams' erstwhile counsel testified that he had not told Williams that the prosecutor's recommendation would be binding on the court nor was he ever present when the prosecutor made such a representation. He had told Williams that "if he got the 25 years and he went to prison and did real well—in other words, was a model prisoner—that he could receive time off for good behavior and that his sentence would be reduced." He had discussed the figure (for parole) of somewhere in the neighborhood of six years. He could not recall the state judge "handing [sic] a plea where he did not admonish them as to the consequences of their plea and also tell them that the court was not bound by any agreement or recommendation between the state and the defense attorney and the defendant. And I'm just as positive that Judge Sam Davis [the judge who imposed the fifty-year sentence] did that in this case as I am that I am sitting here."

Based on this testimony, the district court found that,

At no time did the prosecuting attorney promise petitioner a sentence of twenty-five (25) years. At no time did the State and petitioner enter into a plea bargain agreement where petitioner would receive a sentence no longer than twenty-five (25) years. At no time did the prosecuting attorney promise petitioner that parole would be forthcoming after petitioner had served one-fourth of the said twenty-five (25) years or a certain period of time between five and one-half and seven years. At no time did the State and petitioner enter into a plea bargain agreement where petitioner would be paroled after he had served one-fourth of the said twenty-five (25) years. At no time did the state and petitioner enter into a plea bargain agreement whereby petitioner would be paroled after he had

1. *Ex parte Williams,* 561 S.W.2d 1 (Tex.Crim. App.1978).

2. *Williams v. Estelle,* 681 F.2d 946 (5th Cir. 1982).

served a certain period of time between five and one-half and seven years.

\* \* \* \* \* \*

Neither the prosecuting attorney nor petitioner's counsel affirmatively told petitioner, or led petitioner to believe, that any alleged plea bargain agreement as to the length of sentence or eligibility for parole was correct and binding upon the trial court.

\* \* \* \* \* \*

Prior to the acceptance of a plea of guilty, it was the custom of Judge Davis to: (a) apprise the defendant of the offense charged; (2) advise the defendant of his rights; (c) admonish the defendant as to the consequences of waiving such rights and entering a plea of guilty; (d) admonish the defendant as to the range of punishment; (e) advise the defendant that the State's recommendation was not binding upon the trial court; and, (f) determine that the defendant was entering a plea of guilty because he was guilty and for no other reason. In the instance case, Judge Davis followed his custom.

\* \* \* \* \* \*

Judge Davis fully advised petitioner of his rights; fully admonished him of the consequences of waiving such rights and entering pleas of guilty; and advised petitioner that the State's recommendation was not binding upon the court.

\* \* \* \* \* \*

Petitioner's testimony to the contrary is not credible.

■ These findings are binding on us unless they are clearly erroneous. Fed.R. Civ.P. 52(a). If there is evidence to support them, we may hold findings clearly erroneous only when we are left with the definite and firm conviction, after reviewing the entire record, that a mistake has been committed. *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). If, however, we reach such a solid conviction, we should set aside the findings even though there is evidence supporting them that, by itself, would be substantial. *E.g., W.R.B. Corp. v. Geer,* 313 F.2d 750, 753 (5th Cir.1963); *Jones v. Pitt County Bd. of Ed.,* 528 F.2d 414, 418 (4th Cir.1975). *See also* Note, 41 Tex.L. Rev. 935, 939 (1963). *See generally,* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2585 at 735 (1971).

Having carefully read the entire record, we are not left with a conviction of error, let alone that degree requisite to disregarding the trial judge's findings, which were in turn based on the magistrate's. We have but read a record. We are in no position to assess the credibility of the witnesses. We lack insight as well as power sufficient to substitute what we would have done for what the district court did.

■ Petitioner's effort to withdraw his guilty plea after sentencing does support his contention in part; but, as we have noted, even then not a word was said about the essential claim here made: the representation that the plea bargain bound the district court. The fact findings therefore require us to reject the arguments that the plea was involuntary, that the state court failed to admonish Williams fully on the consequences of his plea, and that he was denied effective assistance of counsel.

Routinely we thank court-appointed counsel for his services, regardless of the result in the case. In this case, the efforts of court-appointed counsel have been so diligent and able that we go beyond the perfunctory in expressing the court's appreciation. In few cases that come before us does counsel, whatever his recompense, perform advocacy so exemplary.

For the reasons stated, the judgment is AFFIRMED.