**UNITED STATES of America**

v.

**Gregorio CASTANO.**

**Crim. No. B–86–37–CR(1).**

United States District Court,
E.D. Texas,
Beaumont Division.

April 14, 1987.

Bob Wortham, U.S. Atty., L. Stuart Platt, Asst. U.S. Atty., Beaumont, Tex., for plaintiff.

Charles Johnson, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

Defendant Gregorio Castano faces two counts of drug trafficking charges in violation of 18 U.S.C. § 2, 21 U.S.C. § 841, and 21 U.S.C. § 846. Specifically, the defendant is charged with possession with intent to distribute cocaine, and conspiracy (attempt to conspire) to distribute or dispense cocaine. The defendant has filed an application to proceed *in forma pauperis*, and has moved to transcribe all of the testimony taken during the trial in the criminal prosecution styled *United States v. Jorge Castano*, No. 86-37-CR(2). The transcript which the defendant seeks is the transcript of the trial of Jorge Castano, the defendant's brother and co-defendant, who has been previously acquitted of the above mentioned charges.

■ As to the defendant's motion to transcribe, an indigent criminal defendant possesses the right to a transcript of a prior proceeding where a court finds that the transcript is necessary for an adequate defense in a subsequent proceeding. *United States v. Sheppard*, 559 F.Supp. 571, 572 (E.D.Va.1983), *citing, United States v. Rosales-Lopez*, 617 F.2d 1349, 1355-56 (9th Cir.1980); *see, Britt v. North Carolina*, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). However, a prerequisite to this rule is a determination that the defendant is financially unable to prepare a defense or employ counsel in the presentation of his case, i.e., a determination that the defendant should be allowed to proceed *in forma pauperis*. In the instant case, it is unnecessary to reach the merits of the defendant's motion to transcribe, since it is the opinion of the court that the defendant's application to proceed *in forma pauperis* should be denied.

■ The decision whether to grant a request to proceed *in forma pauperis* is committed to the sound discretion of the district court. *Williams v. Estelle*, 681 F.2d 946 (5th Cir.1982). Further, the defendant has the burden of establishing his financial inability to secure an adequate defense by a preponderance of the evidence in order to proceed *in forma pauperis*. *United States v. Martinez-Torres*, 556 F.Supp. 1275 (S.D.N.Y.1983). There are no precise tests or rules defining when a defendant is financially unable to obtain an adequate defense. *The Criminal Justice Act of 1964*, 36 F.R.D. 67 (S.D.Calif.1964). The term "financially unable to obtain [an adequate defense]" must be viewed as a relative concept that must be measured in each case by reference to the particular need or service under consideration. *Id.*, at 78. In so doing, a court may take into account the following factors in evaluating the defendant's financial situation:

1. Income from business, profession, or other form of self employment;

2. Rent payments, interest or dividends;

3. Pensions, annuities or life insurance payments;

4. Gifts or inheritances;

5. Cash, including money in checking or savings accounts;

6. Real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing);

7. All liabilities of the defendant, including assets expended on persons who are dependent upon the defendant for support.

Defendant's bare application to proceed *in forma pauperis* indicates that the defendant is not employed, has no income, possesses no assets, and has been incarcerated on a previous criminal conviction since September 13, 1985. Given this information alone, the court might be inclined to grant defendant's application to proceed *in forma pauperis*. However, other considerations compel the denial of the defendant's request.

The defendant Gregorio Castano has previously retained private counsel, who has represented the defendant on several occasions, including representing his client's interests during the trial of the co-defendant, Jorge Castano. During the hearing on this matter, the court inquired as to the amount of the fee and expenses already paid to retained counsel, the amount of retainer expended to date in the defense of the defendant, including his appearance at the hearing on the motion for severance (which was granted), and other appropriate financial arrangements in this case. Because the defendant has put his financial condition in issue, inquiry into fee and expense arrangements is a relevant consideration when determining the defendant's financial inability to secure counsel or prepare an adequate defense. *See generally, United States v. Coniam*, 574 F.Supp. 615 (D.C. Conn.1983). Defendant's attorney said defendant was standing upon the attorney-client privilege, and the defendant's attorney failed to disclose this information in the instant case. Because the court is without sufficient information to determine the financial status of the defendant, the amount of fee and expenses previously paid, by whom, the amount of time expended by defendant's attorney, or any information whatever, the defendant's application to proceed *in forma pauperis* is hereby DENIED.

Further, the facts and circumstances surrounding the conspiracy charge as revealed by the testimony during the Jorge Castano trial, indicate that the defendant may possess sums of money which remain unaccounted for. Specifically, testimony during the Jorge Castano trial revealed that the defendant Gregorio Castano possessed $33,000 the day before his arrest. To date, no explanation has been given as to the whereabouts of the money he had less than twenty-four (24) hours prior to his arrest.

Further, the financial inability to secure counsel or prepare an adequate defense includes inquiry into whether there is available to the defendant funds for his defense from other sources, such as family and friends. *United States v. Martinez-Torres*, 556 F.Supp. 1275 (S.D.N.Y.1983); *United States v. Pinckney*, 491 F.Supp. 82 (W.D.Mo.1980); *Souder v. McGuire*, 516 F.2d 820, 821 (3d Cir.1975). In this respect, the court notes that $5,000 used as security for an appearance bond has been released to Jorge Castano less than a week ago. Although Jorge Castano has not indicated whether he would be willing to pay for his brother's defense expenses, it is reasonable to infer such an intent, especially in view of the fact that (1) Gregorio Castano exculpated his brother of the crimes charged by his testimony during his brother's trial, and (2) Gregorio Castano possessed a close familial relationship with his brother. Neither defendant nor his counsel has asserted the fee previously paid is inadequate.

In light of the foregoing, the defendnat has failed to meet his burden in establishing financial inability to secure an adequate defense in the present case. Therefore, the court in its discretion is of the opinion that the defendant's application to proceed *in forma pauperis*, and the defendant's motion to transcribe the entire transcript are hereby DENIED. However, defendant has renewed his motion for a transcript without cost to him of his own testimony in the case of *United States v. Jorge Castano*, defendant's brother. The court has contemporaneously granted this request by separate order.