872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert H. CONCOBY, Plaintiff-Appellant,
v.
Sara DUFFY, et al., District Director, IRS, Commissioner of
Internal Revenue Service, Defendants-Appellees.
 No. 88-3795.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Concoby moves for in forma pauperis status on appeal and appeals from the district court's order denying his application to proceed in forma pauperis at the district court level in his lawsuit against the Internal Revenue Service (IRS). He has also filed a motion to invoke sanctions against the appellant under Fed.R.App.P. 31(c) for failing to file a timely brief. He claimed that the IRS wrongfully levied against his salary, and in doing so, deprived him of his property without due process of law. After reviewing Concoby's application for in forma pauperis status and his affidavit in support, the district court decided that Concoby was able to pay the required fee, and denied his motion. This appeal followed.
 
 
 3
 Upon consideration, we vacate and remand. It is impossible for this court to determine whether or not the district court properly exercised its discretion in denying the application. In Foster v. United States, 344 F.2d 698, 700 (6th Cir.1965) (per curiam), we held that a district court is required to state the reasons underlying a denial of a party's application to proceed in forma pauperis. Concoby's application states that he is unable to pay the costs of the proceeding because, although he is employed, he receives only $135.41 per week due to an allegedly unlawful IRS levy placed upon him. In addition, he states that he has no real estate or property, has no money in the bank, owns less than $100.00 in cash, and that he needs all of his wages to fulfill obligations and support his family. The district court's order denying Concoby's application simply states that he is able to pay the filing fee. The court's rationale is not provided. As a result, we cannot determine whether or not the district court properly denied the application.
 
 
 4
 Upon remand, it is noted the district court has the option of requiring Concoby to submit a partial filing fee before granting pauper status. The practice of requiring partial payment of fees by applicants to proceed in forma pauperis in appropriate cases has gained widespread approval. See Bryan v. Johnson, 821 F.2d 455 (7th Cir.1987); In re Williamson, 786 F.2d 1336 (8th Cir.1986); Jones v. Zimmerman, 752 F.2d 76 (3d Cir.1985); Collier v. Tatum, 722 F.2d 653 (11th Cir.1983); Smith v. Martinez, 706 F.2d 572 (5th Cir.1983); Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982); In re Stump, 449 F.2d 1297 (1st Cir.1971) (per curiam). However, such a requirement is also subject to review for abuse of discretion. Jones v. Zimmerman, 752 F.2d at 78; Collier v. Tatum, 722 F.2d at 656; Smith v. Martinez, 706 F.2d at 573.
 
 
 5
 Because this appeal is not frivolous, the motion to proceed in forma pauperis on appeal is hereby granted. The motion to invoke sanctions is denied, the district court's order is vacated and the case is hereby remanded for proceedings consistent with this order pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.