872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph C. HAUCK, Plaintiff-Appellant,
v.
STATE OF TENNESSEE, et al., White County, Cumberland County,
Defendants-Appellees.
 No. 88-5822.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
Permission to Appeal Denied by Supreme Court January 28, 1991.
 
 Before WELLFORD and RALPH B. GUY, JR., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ralph Hauck moves for in forma pauperis status on appeal and for a speedy hearing and appeals from the district court's order denying his application to proceed in forma pauperis at the district court level.
 
 
 3
 Hauck filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. He claimed that he was maliciously prosecuted, and that he was denied the right to consult with his attorney. The district court reviewed the application for in forma pauperis status and affidavit in support and denied the application in an order noted in the margin. Rather than pay the fee, Hauck appealed.
 
 
 4
 Upon consideration, we conclude that the district court was within its discretion in requiring petitioner to pay the required filing fee.
 
 
 5
 Generally, a district court should grant an application to proceed in forma pauperis upon submission of a facially adequate affidavit of indigency. Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir.1972), cert. denied, 410 U.S. 958 (1973). Further, a party need not be completely destitute in order to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). The decision to grant or deny pauper status is, however, reviewable for an abuse of discretion. See Williams v. Estelle, 681 F.2d 946, 947 (5th Cir.1982), cert. denied, 469 U.S. 1075 (1984).
 
 
 6
 Hauck's affidavit in support of his request to proceed in forma pauperis filed on May 11, 1988, indicates that Hauck was "self employed" and received income of "10% sales", yet notes that sales did not exceed $3,000 over the past six months. He also stated that he jointly owns realty with the victim he allegedly murdered. He stated that he has no dependents. On May 26, 1988, the district court directed the clerk of the court to return Hauck's application, as he "failed to state the nature of this proceeding" and failed "to describe the source of money received from his self employment or to state the approximate value of his interest in property owned jointly with the homicide victim." Hauck then returned his application, stating that he was "broke" and he received $150.00 per month in rent payments, interest or dividends. Hauck also stated that the property jointly owned with the victim had been placed in trust and could not be mortgaged or sold. In addition, an officer at the county jail where Hauck is incarcerated certified that Hauck's account balance was zero.
 
 
 7
 Under the circumstances of this case, the district court was within its discretion in requiring Hauck to pay the filing fee. Even though the district court did not provide reasons for its decision as required, see Phipps v. King, No. 87-5561, slip op. at 2 (6th Cir. Dec. 20, 1988), Hauck admits facts that show that he is not an indigent and is able to pay the fee. Hauck receives over $150.00 per month in rent payments, interest, or dividends. Although his prison account balance is zero, he currently has no living expenses, and has no dependents.
 
 
 8
 Accordingly, the motions to proceed in forma pauperis on appeal and for a speedy hearing on appeal are hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.