UNITED STATES of America

v.

**Johnny Edward ROBINSON, Defendant.**

**Crim. No. 89-2-MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 1, 1989.

Charles L. Calhoun, Macon, Ga., for plaintiff.

---

'Charles S. Thornton, Atlanta, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Before this court is defendant's motion to appeal *in forma pauperis*. Defendant was found guilty in this court on July 12, 1989, of three counts of drug trafficking charges in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 1952, and 18 U.S.C. § 2. At trial, defendant was represented by retained counsel, Mr. Charles S. Thornton. On July 20, 1989, defendant filed a notice of appeal and on August 3, 1989, filed an affidavit in support of his request to proceed *in forma pauperis.*

In order to aid in its consideration of defendant's motion, this court requested by letter of August 3, 1989, and directed by order of this court entered August 16, 1989, that Mr. Charles S. Thornton provide this court with the amount and source of fees paid for the defense of defendant's case. By letters of August 23, 1989, and August 28, 1989, Mr. Thornton advised the court that for defendant's defense at trial he had been paid nine thousand dollars ($9,000.00) in cash payment made by a person he assumed was related to defendant. Mr. Thornton later stated the person making the payment did not indicate his relationship to defendant, but "only indicated that he was making payments on Mr. Robinson's behalf."

■ The decision of whether to grant a request to proceed *in forma pauperis* is committed to the sound discretion of the district court. *Williams v. Estelle*, 681 F.2d 946 (5th Cir.1982), *cert. denied*, 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984). In determining whether a defendant is entitled to court-appointed counsel the relevant threshold inquiry is whether defendant is "financially unable to obtain adequate representation," and financial inability includes an inquiry into whether there is available to defendant funds from other sources such as family, friends, trusts, estates, or defense funds. *United States v. Martinez–Torres*, 556 F.Supp. 1275 (S.D.N.Y.1983).

■ The facts in the case of *United States v. Castano*, 659 F.Supp. 577 (E.D. Tex.1987), are very similar to the facts in the present case. In *Castano*, the court noted that based upon the information set forth in defendant's application to proceed *in forma pauperis* the court might be inclined to grant defendant's application; however, upon further inquiry the court found other considerations which compelled denial of defendant's application. Upon further inquiry the court learned that defendant Castano had previously retained counsel to represent his interests during the trial of his co-defendant and on other occasions. The court inquired into defendant's fee arrangements with his retained counsel; however, the attorney based upon the attorney-client privilege, failed to disclose the requested information. The court denied defendant Castano's application because the court was without sufficient information to determine the financial status of the defendant, the amount of fees and expenses previously paid, or by whom payment was made.

As set forth above, this court, upon similar inquiry learned that defendant Robinson had nine thousand dollars ($9,000.00) in cash paid on his behalf by an unidentified person. Based upon defendant's ability to have payment made in his behalf in such a substantial cash sum for his defense at trial and as in *Castano* the inability of the court to obtain other sufficient information to determine defendant's financial status, this court cannot find that defendant Robinson is "financially unable to obtain adequate representation" for the appeal of his conviction. In accordance with the discussion above and the facts of this case viewed in light of the relevant case law, defendant's request to proceed *in forma pauperis* is hereby DENIED.

SO ORDERED.