898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roscoe W. FIELDS, Sr., Plaintiff-Appellant,
v.
Joseph C. FOWLER; David Davidson; John Doe, Knox County
Employee; John Doe Norris, Jail Employee; Other
John Does, Jail Employees, Defendants-Appellees.
 No. 89-5815.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1990.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Roscoe Fields, Sr., appeals from the district court's order denying his motion to proceed in forma pauperis.
 
 
 4
 Fields filed an action for false arrest and false imprisonment. The defendants are the sheriff of Knox County, Tennessee, and other county employees. The defendants filed a motion to dismiss for failure to pay the filing fee, accompanied by an exhibit showing that Fields owned property. Fields responded, and the trial court ordered him to show cause why the case should not be dismissed for failing to comply with 28 U.S.C. Sec. 1914. Following several pleadings, the court decided that Fields failed to refute the evidence that he owned property, and dismissed his suit for failing to pay the required filing fees for a section 1983 action. Rather than pay the fee, Fields appealed.
 
 
 5
 Upon consideration, we conclude that the district court was within its discretion in requiring Fields to pay the required filing fee.
 
 
 6
 Generally, a district court should grant an application to proceed in forma pauperis upon submission of a facially adequate affidavit of indigency. Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir.1972), cert. denied, 410 U.S. 958 (1973). Further, a party need not be completely destitute in order to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). The decision to grant or deny pauper status is reviewable for an abuse of discretion. See Williams v. Estelle, 681 F.2d 946, 947 (5th Cir.1982), cert. denied, 469 U.S. 1075 (1984).
 
 
 7
 The court was within its discretion to dismiss the case because Fields's allegation of poverty is false. On his application to proceed in forma pauperis, Fields stated that he did not own any real estate. However, a 1983 property assessment shows that Fields owned property assessed at $19,640. The district court gave Fields the opportunity to show that he is nevertheless entitled to proceed in forma pauperis, and allowed time to pay the filing fee. Fields has done neither.
 
 
 8
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul V. Gadola, U.S. District Judge for the Eastern District of Michigan, sitting by designation