12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
A.J. SIMPSON, Plaintiff-Appellant,
v.
John W. HAWLEY; Wanda Kiiskila, Defendants-Appellees.
 No. 93-1861.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1991.
 
 Before: MERRITT, Chief Judge; SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 A.J. Simpson appeals pro se from a district court judgment which determined that he was able to pay the costs assessed against him in a prior appeal, despite his allegations of poverty. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Simpson's prior appeal involved a civil rights action that he had brought under 42 U.S.C. Sec. 1983. This court affirmed a summary judgment for the defendants and granted the defendants' motion for $248.50 in appellate costs. The case was remanded for consideration of whether Simpson should be afforded relief because of his alleged inability to pay the cost award. On February 16, 1993, the district court entered an order in which it found that Simpson could satisfy the award by making payments of less than $21 per month, over the course of 12 months. The court subsequently denied Simpson's motion for reconsideration, and he now appeals.
 
 
 3
 Among other factors, the courts may look to a prisoner's income and the balance in his trust account to determine whether he is capable of paying a cost award. Weaver v. Toombs, 948 F.2d 1004, 1013 (6th Cir.1991). It is undisputed that the district court considered these factors in finding that Simpson was able to pay the award in the instant case. Nevertheless, Simpson argues that the district court applied an incorrect legal standard because the court based its determination on income that he received as gifts. Simpson bases this argument on our unpublished decision in McKaye v. Evans, No. 89-2324 (6th Cir. Oct. 17, 1990) (citing In re Williamson, 786 F.2d 1336, 1340 (8th Cir.1986)). However, that case is clearly distinguishable. Unlike the prisoner in McKaye, Simpson had enough funds on hand to pay the entire award. He was also receiving substantial cash gifts at fairly regular intervals. The holding in Williamson is equally unavailing, as it excludes only small gifts from the computation of an inmate's monthly income. Hence, the district court did not commit a legal error in determining Simpson's ability to pay appellate costs. See Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983); Smith v. Martinez, 706 F.2d 572, 573 (5th Cir.1983).
 
 
 4
 The district court's factual finding that Simpson has the ability to pay the cost award is not clearly erroneous. See Fed.R.Civ.P. 52(a). It is undisputed that Simpson had accumulated over $800 in his prison account in the months following the award of appellate costs. Indeed, it was unnecessary to project Simpson's future income, since he had more than enough money to satisfy the award in one lump-sum payment.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.