68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfredo BURGOS, Plaintiff-Appellant,
v.
Fred McANINCH, Warden, Defendant-Appellee.
 No. 95-3085.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio state prisoner appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Alfredo Burgos sued the warden of Ohio's Chillicothe Correctional Institution. Burgos claimed that there are health hazards at the prison including exposure to asbestos, smoke, and unsanitary living areas. The case was submitted to a magistrate judge who ordered Burgos to pay a partial filing fee of $20. The district court adopted the magistrate judge's order over Burgos's timely objections. On January 10, 1995, the district court dismissed Burgos's action because he did not comply with the court's order to pay a partial filing fee. Burgos appeals that judgment.
 
 
 4
 On appeal, Burgos argues that the district court abused its discretion by dismissing his action for failure to pay the partial filing fee because the partial filing fee would force him to surrender unspecified amenities of prison life.
 
 
 5
 This court reviews the denial of a motion for in forma pauperis status for abuse of discretion. Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). Upon review, we conclude that the district court did not abuse its discretion. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991). The district court has the option of requiring Burgos to pay a partial filing fee before granting pauper status, which option has gained widespread approval. See Bryan v. Johnson, 821 F.2d 455 (7th Cir.1987); Jones v. Zimmerman, 752 F.2d 76 (3d Cir.1985); Collier v. Tatum, 722 F.2d 653 (11th Cir.1983); Smith v. Martinez, 706 F.2d 572 (5th Cir.1983); Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982). Burgos did not argue that the court's order made him choose between abandoning a potentially meritorious claim or foregoing the necessities of life, see Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948), nor did he specify what debts, bills, or future expenses he could reasonably expect. In fact, Burgos did not even indicate what prison amenities he would have to sacrifice.
 
 
 6
 The court determined that Burgos had a spendable income of $41.79 on deposit with the prison available for the payment of court costs. The district court also determined that Burgos had an average monthly balance (over the preceding six months) of $86.50. The record reveals that Burgos receives $18 per month for his prison employment. In light of the unchallenged facts with respect to plaintiff's current balance, average balance, monthly income, and the lack of evidence with respect to plaintiff's debts, bills, or future expenses, the district court did not abuse its discretion in requiring Burgos to pay a partial filing fee and in dismissing the action for failure to do so.
 
 
 7
 Accordingly, Burgos is granted in forma pauperis status for the sole purpose of this appeal, and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation