Lawrence Daniel CALDWELL, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

and

Lawrence Daniel CALDWELL, Petitioner-Appellant,

v.

Dr. Roger Kent HATCHETTE, Dr. John Charles McMillan, and Richard S. Anderson, Respondents-Appellees.

Nos. 80–1501, 80–1611.

United States Court of Appeals, Seventh Circuit.

Submitted June 10, 1982.

Decided June 29, 1982.

Lawrence Daniel Caldwell, pro se.

Ralph Michael Hursey, Asst. U. S. Atty. (James R. Burgess, Jr., U.S. Atty.), East St. Louis, Ill., for defendant/respondent.

Before PELL, BAUER, and WOOD, Circuit Judges.

PER CURIAM.

In these two cases, plaintiff brought suit against Illinois state officials for alleged violations of 42 U.S.C. § 1983 and against federal officials for compensation under the Federal Tort Claims Act for destruction of some personal property. Plaintiff was granted leave to proceed in forma pauperis in both cases "conditioned upon the payment of the filing fee in the amount of $60.00 (sixty) dollars in equal monthly installments...." In the section 1983 case, the monthly installment was set at $10; in the federal case, $15. The orders granting such pauper status stated, "Failure to submit the installment payments in a timely fashion will result in dismissal of this cause of action."[1]

After plaintiff failed to make his first two payments in the section 1983 case, plaintiff's case was dismissed without prejudice to reinstatement upon payment of the amount of installments in arrears. In the federal case, plaintiff immediately challenged the monthly installment plan. He took an appeal from both decisions. We consolidated these appeals for review and granted plaintiff leave to appeal in forma pauperis.

We reverse since we find no authority for this "pay as you go" approach to paying the docket fee. 28 U.S.C. § 1915(a) provides a fair measure of latitude for limited grants of pauper status. For example, the district court may grant leave to proceed in forma pauperis for all of the district court proceedings and the entire appeals process. Alternatively, its leave to proceed may be limited to the "commencement, prosecution or defense" of the proceedings in the trial court. *Id.* There is, however, no provision for the novel installment plan applied in this case. The district court's inquiry on a litigant's indigence should be made after an examination of his ability to pay the entire docket fee at the time of his application for pauper status.

For these reasons, we reverse and remand for a de novo determination of plaintiff's indigence.

REVERSED AND REMANDED.

---

1. The district court apparently found that plaintiff's claims were non-frivolous, the second test for the grant of leave to proceed in forma pauperis. 28 U.S.C. § 1915(d); *Wartman v. Milwaukee County Court,* 510 F.2d 130 (7th Cir. 1975).