**Jerry Larry COLLIER, Plaintiff-Appellant,**

v.

**Sergeant TATUM, Officer, Defendant-Appellee.**

**No. 83–8537.**

United States Court of Appeals, Eleventh Circuit.

Dec. 20, 1983.

---

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

This motion for leave to proceed in forma pauperis came to me as a single judge mat-

ter. *See* Eleventh Circuit Rule 17(d)(4). I referred the motion to my motions panel (*See* Eleventh Circuit Internal Operating Procedure IV(E)(3)) because it raises an issue as to partial filing fees, not previously decided by published opinion in this Circuit, that is more suitable for initial panel consideration than for review after single judge action. *See* Eleventh Circuit Rule 17(d); Fed.R.App.P. 27(c).

Jerry Larry Collier, a prisoner at the Georgia State Prison in Reidsville, Georgia, and a consistent litigant in the federal courts, filed a number of civil rights actions in the Southern District of Georgia. Collier's in forma pauperis affidavit indicated that he had $140.37 in his prison account. The district court ordered Collier to pay a partial fee of $15.00 in each of four cases, or to explain why he was unable to do so. Collier responded stating that he now had only $.30 in his prison account. After further inquiry from the court, Collier failed to pay the filing fees or to explain the decrease in his account and the court dismissed the cases. The district court denied Collier's request to proceed in forma pauperis on appeal and denied a certificate of probable cause, finding that the appeal was taken in bad faith. Collier then moved for leave to proceed in forma pauperis in this Court, filing an affidavit showing no assets.

There are two controlling issues in this case: *first*, whether a prisoner-plaintiff may be required to pay a partial filing fee and *second*, whether the district court may consider a recent decrease in a prisoner's assets in determining whether to grant the prisoner indigent status.

28 U.S.C.A. § 1915(a) provides that a court may permit the commencement of a civil action without prepayment of fees "by a person who makes affidavit that he is unable to pay such costs." The statute does not indicate what a court should do if the person is able to pay part, but not all of the costs.

This Circuit has never expressly ruled on whether prisoners can be required to pay partial filing fees for their appeals. In *Green v. Estelle,* 649 F.2d 298 (5th Cir.1981),

a precedent in this Circuit, the Court held that a partial fee of forty percent of the prisoner's assets was inappropriate under the circumstances, but did not address "the question of whether the imposition of a 'partial payment' requirement might be proper in other cases." 649 F.2d at 302. Other circuits have approved partial fee requirements. *See, e.g., Smith v. Martinez,* 706 F.2d 572 (5th Cir.1983); *Williams v. Estelle,* 681 F.2d 946 (5th Cir.1982); *Evans v. Croom,* 650 F.2d 521 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982); *In re Stump,* 449 F.2d 1297 (1st Cir.1971). *But cf. Caldwell v. United States,* 682 F.2d 142 (7th Cir.1982) (conditioning leave to proceed in forma pauperis on payment of filing fees in monthly installments was improper). Courts have required prisoners to pay partial fees in an attempt to handle the flood of *pro se* § 1983 prisoner actions now in federal court "by weeding out those where it appears the plaintiff himself has some financial resources but has such lack of good faith in his action that he is unwilling to make any contribution, however small, towards meeting its filing costs." *Evans v. Croom,* 650 F.2d 521, 523 (4th Cir.1981).

> The type of actions at which the rule is directed, though generally stated in passable *pro forma* allegations, considering the liberality in pleading allowed *pro se* complaints, has proved all too often to be without merit and frequently appears to have been begun without any real hope of success as 'mere outlets for general discontent in having to undergo penal restraint or of personal satisfaction in attempting to harass prison officials' or to enjoy what one describes as a prisoner's 'field day in the courts, at public expense,' *Weller v. Dickson,* 314 F.2d 598, 601 (9th Cir.1963), *cert. denied,* 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72. If the prisoners, by filing an indigent affidavit in such actions, may acquire at will indigent status, they will have every incentive to indulge any inclination they may have to harass their custodian. After all, they have nothing to lose and everything to gain.

*Id.* (footnotes omitted). By requiring a partial fee, courts force the prisoner "to 'confront the initial dilemma which faces most other potential civil litigants: is the merit of the claim worth the cost of pursuing it?'" *Braden v. Estelle,* 428 F.Supp. 595, 596 (S.D.Tex.1977).

Based on the reasoning of the other circuits which have so held, we hold that a district court may, in its discretion, require a partial filing fee of a prisoner-plaintiff who has some assets but is unable to pay the full amount of the fee.

■ Although Collier's in forma pauperis affidavit of September 27, 1982 stated he had $140.37 in his prison account, he stated he had only $.30 in his account on February 25, 1983, a week after the district court ordered him to pay partial fees. The district court considered this decrease in Collier's account, and Collier's failure to explain it, in dismissing the case. We hold there was no error in this approach.

Other courts have held that in determining whether to grant indigent status to a prisoner-plaintiff, the district court may "inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes." *Evans v. Croom,* 650 F.2d 521, 525 (4th Cir. 1981) (quoting *In re Stump,* 449 F.2d 1297, 1298 (1st Cir.1971)), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). *See Carter v. Telectron, Inc.,* 452 F.Supp. 939, 942 (S.D.Tex.1976) (court is not bound by plaintiff's economic status at time of filing, but should take into account all relevant changes prior to and subsequent to filing of suit), *modified,* 554 F.2d 1369 (5th Cir.1977). Where decreases in a prisoner's account are considered, courts have required that the prisoner be given a reasonable opportunity to explain withdrawals from his account:

> [I]n order for withdrawals from that account to be a basis for denial of indigent status, the district court must be able to say either from the nature or timing of the withdrawal, or both, or

from other specific circumstances, that the purpose of the withdrawal appears to have been intended to avoid his obligation under the rule to pay in whole or in part filing costs. And, before reaching such conclusion, the prisoner should be given some reasonable opportunity, after appropriate notice, to explain and refute any finding to that effect, just as he has a right, after notice, to bring to the court's attention other factors that may authorize either excusing entirely any payment or reducing same.

*Evans v. Croom,* 650 F.2d at 525–26.

We follow the lead of those cases. Such a rule affords adequate protection for a prisoner-plaintiff who is unable to pay even partial fees. In this case, Collier was given an adequate opportunity to explain his situation. The district court's order of February 17, 1983 required Collier to pay partial fees of $15.00 in each case within twenty days, and stated:

> If plaintiff is unable to pay this amount he is ordered to submit reasons for this inability within the time allotted for payment. Failure to pay or explain non-payment within the allotted time will result in dismissal of this action.

Although he was given adequate notice and opportunity, Collier made no attempt to explain the decrease in his account from $140.37 to $.30. The district court's order of April 25, 1983 stated:

> Plaintiff is not unfamiliar with the policy toward *in forma pauperis* applicants in this Court. He has proceeded in that status in several previous suits. Most recently, he has been refused indigent status for the very reasons at issue here. His account reflected a balance too high not to require partial payment; the balance dropped drastically upon notification of this policy; and plaintiff provided no explanation for the decrease. Misc. No. 482-28.

Plaintiff, as a *pro se* litigant, has received great liberality from this Court in years past. However, when the Court cannot determine whether an inmate's account has been depleted intentionally to avoid court costs, the inmate has been instructed specifically in that regard, and has refused to supply a sufficient explanation, the Court cannot but refuse to allow the inmate to proceed *in forma pauperis.*

Under these circumstances, the district court did not abuse its discretion in considering the unexplained decrease in Collier's account in denying in forma pauperis status.

Since defendant refused to pay *any* partial fee, it becomes unnecessary to determine whether the amount of the partial fee required here, $15.00 in each of four cases, was within the district court's discretion. We note, however, that courts have generally adopted a flexible standard, providing for a small progressive rate of payment and subject to a showing of special circumstances justifying a different payment. Courts have looked to both a prisoner's trust account balance and to his income in establishing the amount of payment. *See e.g., Smith v. Martinez,* 706 F.2d 572 (5th Cir. 1983) (no abuse of discretion in requiring prisoner to pay $3.00 court costs, where he received about $20.00 per month from his family); *Williams v. Estelle,* 681 F.2d 946 (5th Cir.1982) (no abuse of discretion in requirement that prisoner pay $8.00 fee, where he had $27.40 in his account and received about $30.00 per month from his family); *Evans v. Croom,* 650 F.2d 521 (4th Cir.1981) (approving district court plan requiring prisoners to pay partial filing fees not to exceed 15% of their income in the six-month period preceding their complaint), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982); *In re Stump,* 449 F.2d 1297 (1st Cir.1971) (prisoner with $218.00 required to pay $15.00 fee).

We doubt if these cases can be decided on a strict percentage basis. In *Green v. Estelle,* 649 F.2d 298 (5th Cir.1981), the Court found that the district court abused its discretion in requiring a paraplegic prisoner to pay a partial fee of $12.00 which represented 40% of his total assets at the time he filed his *pro se* civil rights complaint. In *Green,* however, the payment would have

left the prisoner with only $18.00, and the court noted that the death of the prisoner's mother had left him without his primary source of income.

In any event, the district court should enjoy a wide discretion in deciding what is fair in a particular case, taking into consideration the purpose of the rule, the litigation history of the defendant, the apparent good faith in prosecution of the lawsuit, the actual dollars involved as well as the percentages, and our basic policy that this Court is open to all good faith litigants, rich and poor alike. The application for leave to appeal in forma pauperis is

DENIED.