**Billy Roy TYLER, Plaintiff-Appellant,**

v.

**CITY OF MILWAUKEE, et al.,
Defendants-Appellees.**

No. 83–1676.

United States Court of Appeals,
Seventh Circuit.

Submitted June 7, 1984 *.

Decided July 30, 1984.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively

Billy Roy Tyler, pro se.

Before WOOD, CUDAHY and COFFEY, Circuit Judges.

## PER CURIAM.

Plaintiff filed a *pro se* complaint in the district court, alleging that his constitutional rights were violated when he was arrested unlawfully by officers of the Milwaukee Police Department. Tyler attached to his complaint an affidavit in support of his request to proceed in forma pauperis. The district court, noting that court records indicated that Tyler had filed a number of frivolous lawsuits in recent years, ordered plaintiff to appear at a hearing to elaborate on his factual allegations before it would permit filing of the complaint in forma pauperis. Following the hearing, the court ruled that Tyler's complaint possessed arguable merit, but expressed its opinion that plaintiff conducted himself contemptuously during the hearing.[1] As a result, the court ordered Tyler to sign a "Notice and Acknowledgment" whereby plaintiff would agree to conduct himself in a "courteous and civilized manner" during further proceedings in his case.[2] When plaintiff re-

concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

1. At the hearing, Tyler screamed in a very loud voice; twice left the witness stand without permission and gave his testimony lying on the floor; repeatedly used profanity; and refused to give direct answers to several questions.

2. The full text of the document Tyler was asked to sign is as follows:

I, Billy Roy Tyler, understand that I will be permitted to proceed with my lawsuit that concerns my arrest of February 13, 1983, if I agree to the following:

1. That I will not use profanity except as it may be necessary to relate what was actually said to me or said by me or said by others in the course of the incidents that occurred on February 13, 1983.

2. That I will follow all of the orders of the judge during the trial or other proceedings in the case.

3. That I will not be loud or boisterous during the proceedings in this case.

4. That I will generally conduct myself in a courteous and civilized manner during the course of all proceedings in this case.

5. That I understand that if I fail to abide by this agreement I can be found in contempt and that my case can be dismissed.

turned the notice unsigned, the court denied leave to proceed in forma pauperis and dismissed the action.

■ Clearly, some action by the trial judge was called for in view of the plaintiff's unacceptable conduct. We do not view the unique technique employed as one even the trial judge would recommend as a general condition precedent to permitting a party to have a trial; but in the particular circumstances of this case, the document was no doubt only an attempt to educate and forewarn this particular plaintiff as to the type of conduct that would facilitate reasoned, expeditious consideration of his case on the merits. Even so, we are constrained to hold that the plaintiff's refusal to sign the "Notice and Acknowledgment" could not be justification to deny him leave to proceed in forma pauperis and dismiss his complaint.

■ The statute governing proceedings in forma pauperis permits denial of leave to proceed only if the allegation of poverty is untrue or if the action is frivolous or malicious. 28 U.S.C. § 1915(a), (d) (1982); *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County*, 510 F.2d 130, 134 (7th Cir.1975). The district court determined that the requirements were satisfied here—it found that plaintiff is indigent and that his complaint is not frivolous—and that is the extent of its authority to regulate filings under § 1915. The district court may not engraft an additional requirement on the statute before a plaintiff is permitted to file his complaint in forma pauperis. *Cf. Caldwell v. United States*, 682 F.2d 142 (7th Cir.1982) (per curiam) (no authority for district court's order granting leave to proceed in forma pauperis on condition that plaintiff pay district court filing fee in monthly installments); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976) (trial court abused its discretion by denying leave to proceed in forma pauperis on basis of inappropriate factor of venue) (alternative holding).

■ Our decision here is in no way intended to limit the exercise of the trial judge's full discretion in selecting an appropriate sanction, including dismissal, if the plaintiff is found guilty of contemptuous conduct in subsequent proceedings. We note, however, that involuntary dismissal with prejudice because of a party's disruptive conduct is a severe sanction "and should be used only when lesser sanctions are inappropriate or ineffective." *Redding v. Fairman*, 717 F.2d 1105, 1117 (7th Cir. 1983), *cert. denied,* — U.S. —, 104 S.Ct. 1282, 79 L.Ed.2d 685 (1984). *Cf. Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Tyler cannot be denied a hearing merely because he is in contempt unless he continues "to obstruct and delay the business of the court after fair and clear warning," *Dallas Cabana, Inc. v. Collier*, 469 F.2d 606, 610 (5th Cir.1972), *cert. denied,* 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973), and lesser sanctions are ineffective and inappropriate.

Finally, part of the document the court requested plaintiff to sign required that he conduct himself in a "courteous and civilized manner" during further proceedings. This is a laudable request of any litigant, but as this court noted recently in a case involving two lawyers found guilty of criminal contempt, "trial judges are not allowed to use the contempt power to ensure an atmosphere of decorous understatement. Disrespectful conduct is not contemptuous." *United States v. Lowery*, 733 F.2d 441, 446 (7th Cir.1984). *See also In re Little*, 404 U.S. 553, 555, 92 S.Ct. 659, 660, 30 L.Ed.2d 708 (1972) (per curiam); *United States v. Seale*, 461 F.2d 345, 369–70 (7th Cir.1972) (mere disrespect or affront to judge's sense of dignity will not sustain contempt citation unless the remarks rise to level of actual and material obstruction).

This opinion is not to be interpreted as condoning plaintiff's disruptive behavior nor to limit the trial court's discretion to deal with any future misconduct by plaintiff which it finds contemptuous. We hold only that § 1915 does not permit the district court to consider a plaintiff's unruly behavior in determining whether he or she qualifies for in forma pauperis status. The judgment of the district court is reversed

and the case remanded with instructions to file plaintiff's complaint and grant him leave to proceed in forma pauperis. Circuit Rule 18 shall not apply.