Lamar JOHNSON, Plaintiff-Appellant,

v.

Ralph M. KEMP, Warden, Defendant-Appellee.

No. 85–8171

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 14, 1986.

Neal B. Childers, Atlanta, Ga. for defend-ant-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Lamar Johnson, an inmate at Rivers Correctional Institution in Hardwick, Georgia, appeals pro se from the order of the district court requiring that he pay a partial filing fee of $20.00 (the full fee being $60.00) to proceed with his 42 U.S.C. § 1983 action. He argues that the district court abused its discretion in setting a fee as high as $20.00. Considering the factors upon which the district court relied in making its fee determination, we agree that the court abused its discretion.

Reviewing Johnson's petition to proceed in forma pauperis, the district court found that Johnson's prison account balance averaged $13.00 per month. The court also noted that Johnson had earlier filed another lawsuit in a different federal district court complaining of the same conditions that are the subject of the present suit. Because of Johnson's prison balance and litigation history, the court ordered that Johnson's complaint would be docketed only upon payment of $20.00 of the $60.00 filing fee.[1]

District courts enjoy wide discretion in deciding whether a partial fee is fair and appropriate in a particular case. *Collier v. Tatum*, 722 F.2d 653, 657 (11th Cir.1983). In setting a partial fee, the court may consider "the purpose of the rule [imposing the filing fee], the litigation history of the defendant,[2] the apparent good faith in prosecution of the lawsuit, the actual dollars involved as well as the percentages, and our basic policy that [the courts are] open to all good faith litigants, rich and poor alike." *Id.* Taking into account all of these factors and keeping in mind the broad discretion of the district court, we hold that the district court abused its discretion in relying upon John-

---

1. The district court originally ordered Johnson to pay the full $60.00 fee. The amount was a clerical error, which the court subsequently corrected to require prepayment of only $20.00 of the $60.00 fee.

2. The *Collier* opinion mistakenly refers to the plaintiff in that case as "defendant" in its last few paragraphs. We assume that the panel meant to list as a factor the litigation history of the in forma pauperis petitioner (plaintiff), not of the defendant.

son's litigation history to justify imposition of a (higher) partial fee without regard to whether the previous or present action was brought in bad faith. Furthermore, the amount of the fee in this case is inappropriately high in relation to the information contained in the record about Johnson's average monthly account balance, assets and expenses.

The purpose of imposing a partial filing fee rather than permitting the indigent plaintiff to proceed at no expense is to weed out those actions brought by plaintiffs who have some financial resources but lack the good faith in their actions to contribute to filing costs. *Collier*, 722 F.2d at 655. Presumably then, the litigation history factor is relevant to whether there exists a need to deter the plaintiff from filing suit in bad faith. Evidence of past bad faith might justifiably influence the court to impose a partial fee or to increase the fee contemplated. Apparently the district court in this case was moved to impose a (higher) partial fee by the fact that Johnson had filed a similar suit in another district. However, the district court assumed, without further inquiry, that the previous filing evidenced bad faith, justifying a (higher) fee. Johnson claims that the earlier suit was actually the same suit mistakenly filed in the wrong district. When informed of his error, he filed the present action in the correct district. If his allegations are true, this litigation history would not justify imposing a (higher) partial fee. Whether true or not, the district court abused its discretion in setting a partial fee on the basis of litigation history without regard to the particular circumstances thereof and their relevance to the fee determination.

It also appears that $20.00 is an unreasonable amount to require of Johnson. As the district court found, Johnson's prison account has averaged only $13.00 per month and Johnson claims that he needs this money to purchase personal grooming items such as toothpaste and soap. We also know that Johnson claimed to have only $5.00 at the time he applied for in forma pauperis status. Without more information or explanation than was given in the district court's order, it is difficult to understand how the court arrived at $20.00 or how that amount could be fair. To demand $20.00 from Johnson would appear to work considerable hardship on him and may foreclose his access to the courts in this action. While agreeing with the *Collier* panel that percentages cannot be determinative, we note that this fee is much higher (in proportion to income and assets) than the fees surveyed in *Collier*, 722 F.2d at 656, and the partial fee held to be inappropriate in *Green v. Estelle*, 649 F.2d 298 (5th Cir.1981) (fee amounting to 40% of plaintiff's assets inappropriate; the fee here is 400% of Johnson's claimed assets).

Johnson does not argue that no partial fee could be appropriate; he may yet be required to pay a partial fee. On remand, the district court may consider Johnson's current financial status and inquire into the good faith of this and prior litigation in setting a partial fee. The court should take into account Johnson's good faith expenses, and Johnson should be given an opportunity to show why he cannot pay the amount required if he again asserts he is unable to pay. *See Collier*, 722 F.2d at 655–56. By providing a more detailed explanation of its rationale for the particular fee set, the district court will ensure that the fee is fair and will facilitate review of its order.

The order of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED and REMANDED.