869 F.2d 1491
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
WARNER AMEX CABLE COMMUNICATIONS; James L. Gray; Virgil
Reed; Patricia Morrison, Defendants-Appellees.
 Nos. 88-3802, 88-4029.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1989.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and BERNARD A. FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 May moves to expedite these appeals from the district court's order dismissing this civil rights case. 42 U.S.C. Secs. 1981, 1982, 1983, and 1985(3). May also moves to remand Case No. 88-4029. These appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 May is a prolific litigant. He is also an Orthodox Jew. The defendants are a cable television company located in Cincinnati, Ohio, and officers of the company.
 
 
 4
 In his complaint, May alleged that the defendants allowed a white supremacist organization to broadcast material defamatory to Jews on the public access channel provided by the defendants. The district court dismissed the complaint sua sponte as frivolous under 28 U.S.C. Sec. 1915(d). The court held that the case was similar to previous cases filed by May which had also been dismissed. May filed a notice of appeal from the order dismissing his case. He then filed a timely motion for a new trial which the district court denied. May then filed a second notice of appeal.
 
 
 5
 The filing of May's motion for a new trial tolled the time for filing a notice of appeal. The notice of appeal filed before the disposition of the time-tolling motion had no effect. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982) (per curiam). May's first notice of appeal was therefore premature, and we will dismiss Case No. 88-3802 for lack of jurisdiction. We will address the merits of the plaintiff's case under the second appeal.
 
 
 6
 We agree with the conclusion of the district court as to the merits of the case. 42 U.S.C. Sec. 558 explicitly immunizes public access cable channels from liability for suits under laws of "libel, slander, obscenity, incitement, invasions of privacy, false or misleading advertising or other similar laws...." In addition, plaintiff cannot recover under 42 U.S.C. Sec. 1983 because he cannot establish, as he must, that the violation resulted from state action. Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978). Whatever the actions of Warner Amex Cable Communications and the other defendants may have been, they were not "properly attributable" to the State of Ohio, or indeed to any governmental body. Id. And even if the defendants were state actors, plaintiff's complaint, based as it was solely on a charge of defamation, does not state a claim under 42 U.S.C. Sec. 1983, because reputation is not a "liberty" or "property" interest sufficient to invoke the protection of the Due Process Clause of the Fourteenth Amendment. Paul v. Davis, 424 U.S. 693, 701 (1976).
 
 
 7
 In addition to disposing of May's two appeals, we wish to address another issue. From 1985 to 1987, May filed approximately twenty-five appeals and seventeen petitions for a writ of mandamus in this court. In the year 1988 alone, May filed approximately thirty-three appeals and twenty-six petitions seeking a writ of mandamus. We hold that May's actions constitute an abuse of in forma pauperis status. Numerous courts have approved the requirement of a partial filing fee to discourage frivolous litigation. Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983) (and cases cited there). As the Seventh Circuit has said:
 
 
 8
 We want the putative plaintiff to think about the case and not just file reflexively; having to make even a modest monetary outlay may help focus his thinking.
 
 
 9
 Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987).
 
 
 10
 Therefore, we order that plaintiff May be required to pay $15 for every appeal or petition for a writ of mandamus which he files in this court in the future. We also authorize the district court to require a similar payment for all complaints filed in that court. We warn May that, if he continues to file frivolous complaints and appeals, his right to file in forma pauperis will be completely revoked. May would then be required to pay the entire filing fee for every complaint and appeal.
 
 
 11
 The motions to expedite the appeals and to remand Case No. 88-4029 are denied. Case No. 88-3802 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The order of the district court in Case No. 88-4029 is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit. The plaintiff is ordered to pay a $15 filing fee for each appeal or petition for a writ of mandamus filed in this court in the future.
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation