883 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Morris MAY, Plaintiff-Appellant.
 No. 89-3334.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 May appeals from the district court's order denying a motion to amend an order requiring May to pay a $15.00 filing fee in all of his cases filed in the district court. 28 U.S.C. Sec. 1915(d). May moves to certify questions to the Supreme Court under 28 U.S.C. Sec. 1254(3). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 May is a prolific litigant who resides in Cincinnati, Ohio. This court entered an order requiring May to pay a $15.00 filing fee in all of his cases before this court. May v. Warner Amex Cable Communications, Nos. 88-3802/4209 (6th Cir. February 28, 1989). This court's order also authorized the district court to enter a similar order. On March 2, 1989, the district court did enter such an order. On March 28, 1989, May filed a motion to amend the order under Fed.R.Civ.P. 52(b). The district court denied the motion. May then appealed.
 
 
 4
 The time limit for filing a motion to amend under Rule 52(b) is ten days. Here May's motion to amend was untimely. Therefore, we will construe the motion to amend as a Rule 60(b) motion for relief from judgment.
 
 
 5
 The denial of a Rule 60(b) motion is appealable in and of itself. Peake v. First Nat'l Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). The appeal does not bring up the underlying judgment for review. 717 F.2d at 1020. The standard of review is abuse of discretion. 717 F.2d at 1020.
 
 
 6
 In his brief on appeal, May cites this court's decision in Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). In Phipps, this court held that a district court is required to state the reasons underlying the denial of a party's application to proceed in forma pauperis. Here the district court acted under authorization from this court. The statement of reasons contained in this court's prior order satisfied the requirement in Phipps. Therefore, this issue is without merit.
 
 
 7
 We have examined the cases cited by May, and we conclude that his arguments are without merit. The imposition of a partial filing fee is a valid response to a litigant who abuses in forma pauperis status. See Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987); Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983) (and cases cited there). Therefore, the district court correctly denied the motion to amend.
 
 
 8
 The motion to certify questions is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation