USCA1 Opinion

 

 February 20, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2285 BENJAMIN J. GUILIANI, Plaintiff, Appellant, v. ACCURATE ABATEMENT, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Benjamin J. Guiliani on brief pro se. ____________________ ____________________ ____________________ Per Curiam. Appellant appeals from the district __________ court's denial of in forma pauperis status. See Roberts v. ___ _______ United States District Court, 339 U.S. 844 (1950) (allowing _____________________________ immediate appeal from the denial of in forma pauperis status). We affirm. Appellant's in forma pauperis application stated that he had not been employed since October 1989, that he received $435.19 in workman's compensation benefits each week, that he provided 100 percent of the support for his wife and three sons, and that his assets were limited to a 1975 automobile, a $35,000 home with mortgage,1 and $250 in cash. In a subsequent filing, appellant explained that two of his sons were in college and that their expenses, added to normal household expenses, rendered appellant unable to pay the filing fee without going into debt. A litigant need not be destitute in order to be indigent. Rather, if he can not pay costs and still provide himself and his dependents with the necessities of life, he is entitled to in forma pauperis status. Adkin v. E. I. Du _____ ________ pont de Nemours & Co., 335 U.S. 331, 339 (1948). We review a _____________________ district court's determination whether to grant in forma pauperis status for abuse of discretion. Collier v. Tatum, _______ _____ 722 F.2d 653, 656 (11th Cir. 1983) (abuse of discretion ____________________ 1. In his appellate brief, appellant stated the mortgage is $15,056.64. -2- standard of review applied); United States v. Lyons, 898 F.2d _____________ _____ 210, 216 (1st Cir.) (district court's evaluation of a party's ability to pay will not be lightly overturned), cert. denied, ____________ 111 S.Ct. 295 (1990). The district court did not abuse its discretion. That appellant allegedly can not finance both his children's college education and his litigation without borrowing money for the filing fee does not entitle him to in forma pauperis status. He failed adequately to show that paying the filing fee would render him unable to provide his family with basic necessities -- e.g., food, shelter, utilities, and medical ____ care. See Jones v. Continental Corp., 789 F.2d 1225, 1233 ___ _____ _________________ (6th Cir. 1986) (district court did not abuse its discretion in concluding that plaintiff had sufficient assets to pay taxed costs without being rendered destitute). Affirmed. ________ -3-