978 F.2d 1255
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy M. OREN, Plaintiff-Appellant,
v.
WEST VIRGINIA DEPARTMENT of PUBLIC SAFETY, Defendant-Appellee.
 No. 92-1861.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 30, 1992
Decided: October 26, 1992
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.
 Timothy M. Oren, Appellant Pro Se.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Timothy Oren appeals from the district court's order denying him leave to proceed in forma pauperis and dismissing his case pursuant to 28 U.S.C. § 1915(d) (1988). The district court based its dismissal on its finding that Oren's "allegation of poverty is untrue." 28 U.S.C. § 1915(d). We vacate and remand for further proceedings.
 
 
 2
 A denial of in forma pauperis status is reviewed for abuse of discretion. Collier v. Tatum, 722 F.2d 653, 656 (11th Cir. 1983). To make a valid application for in forma pauperis status a litigant need not be destitute. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty 'pay or give security for costs ... and still be able to provide' himself and dependents 'with the necessities of life.' " Adkins, 335 U.S. at 339. "The purpose of § 1915 is to provide an entr# B1# e, not a barrier, to the indigent seeking relief in the federal court." Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975).
 
 
 3
 Oren submitted an affidavit stating that he did not own property, a car or other valuables and that he had not worked since 1987. Additionally, he attached evidence that his bank balance was only $103, and his only income for the year was his social security benefits in the amount of $4284. There is no evidence in the record showing this information to be false or that Oren is concealing income.
 
 
 4
 On this record, we cannot determine if the district court's finding is erroneous. There is no evidence regarding what, if any, expenses Oren faces or if Oren's stated income is understated. However, given that his documented monthly income suggests that Oren is indigent, we vacate and remand for the district court to conduct further proceedings to accurately ascertain Oren's economic status. The district court should state the reasons for its findings to facilitate our further review.
 
 
 5
 Therefore, we grant leave to proceed in forma pauperis on appeal, vacate the district court's order denying in forma pauperis and dismissing the case, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED