978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel G. HURST, Plaintiff-Appellant,
v.
George VOINOVICH, Governor of Ohio; Reginald A. Wilkinson;
Shirley Rogers, Defendants-Appellees.
 No. 92-3473.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio prisoner appeals the district court's order denying his application for leave to proceed in forma pauperis. He requests the appointment of counsel and leave to proceed in forma pauperis on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellees have declined to file a brief in this case.
 
 
 3
 Daniel G. Hurst filed an application for leave to proceed in forma pauperis in a civil rights action based on an allegation of cruel and unusual punishment. After reviewing statements of Hurst's prisoner account, the district court sent Hurst two separate notices requiring him to pay a partial fee within thirty days of such notice. The first notice required payment of twenty dollars; the later notice required payment of five dollars. Hurst did not respond.
 
 
 4
 Five months after entry of the later notice, the district court entered an order denying the motion for pauper status. Hurst filed a motion for reconsideration. He sought relief from the assessment of a partial fee on grounds of his incarceration. The motion for reconsideration was denied. The district court noted in its order denying the motion for reconsideration that, coincident with the denial of pauper status, the case had been dismissed. This appeal followed.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by requiring a partial fee or by denying the motion for pauper status. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988).
 
 
 6
 On appeal, Hurst asserts that he in fact prepared objections to the fee assessments, but that prison authorities interfered with his mail. In the allegedly timely responses, Hurst maintains that he sought relief from imposition of a partial fee on grounds of his incarceration. His argument is unavailing. The mere fact of incarceration is not a bar to the imposition of costs or fees. See Weaver v. Toombs, 948 F.2d 1004, 1011-12 (6th Cir.1991); Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir.1983).
 
 
 7
 We note, however, for clarification purposes, that the dismissal did not reach the merits of the underlying complaint. Because the motion for pauper status was denied and no filing fee was paid, the complaint was never filed and the civil rights action was never commenced within the meaning of the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 3. The district court's order denying the motion for leave to proceed in forma pauperis merely resulted in dismissal of the miscellaneous action begun with the filing of that motion.
 
 
 8
 Accordingly, the request for pauper status on the appeal is granted, the request for appointment of counsel is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation