**Khalid ALEXANDER, Plaintiff–Appellant,**

v.

**CARSON ADULT HIGH SCHOOL; Jim Padgett, Executive Officer; Karen Owen, Defendants–Appellees.**

No. 93–15522.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 1993.*

Decided Nov. 26, 1993.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Khalid Alexander, pro se.

No appearance by defendants-appellees.

Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

■ Khalid Alexander appeals the district court's dismissal of his action for failure to pay a five dollar partial filing fee. We review the district court's decision to impose a partial fee pursuant to the in forma pauperis statute, 28 U.S.C. § 1915, for an abuse of discretion. *See O'Loughlin v. Doe,* 920 F.2d 614, 616 (9th Cir.1990). Although "[d]istrict courts enjoy wide discretion in deciding whether a partial fee is fair and appropriate in a particular case," *Johnson v. Kemp,* 781 F.2d 1570, 1571 (11th Cir.1986) (finding abuse of discretion), that discretion is not unbridled. *In re Epps,* 888 F.2d 964, 967 (2d Cir.1989) (no discretion to deprive litigants of their last dollar); *In re Williamson,* 786 F.2d 1336, 1340 (8th Cir.1986); *Green v. Estelle,* 649 F.2d 298, 302 (5th Cir.1981).

The Nevada District Court has initiated a partial filing fee for prisoners proceeding in forma pauperis based on either the value of their assets, or their average income over the past six months, whichever is greater. Alexander had twenty-nine cents in his account when he filed his case, but had an average income over the past six months of $27.67. The district court required him to pay a five dollar fee based on its fee chart. Alexander filed a motion to reconsider, stating that he had no assets and had lost his job and no longer had an income. The district court denied the motion, but granted an extra sixty days to pay the fee.

■ When determining the ability of an in forma pauperis plaintiff to pay a partial filing fee, the court may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials. *Wiideman v. Harper,* 754 F.Supp. 808, 811–12 (D.Nev.1990); *Epps,* 888 F.2d at 967–68. If the plaintiff has depleted a previously adequate account and cannot pay the partial fee, the court may require the plaintiff to justify the depletion. *Collier v. Tatum,* 722 F.2d 653, 655–56 (11th Cir.1983).

■ Before the court requires a fee greater than the plaintiff's assets based on a recent depletion of an account, however, it must notify the plaintiff and give him a chance to show that the depletion was not a deliberate attempt to avoid the filing fee. *Williamson,* 786 F.2d at 1340–41; *Johnson,* 781 F.2d at 1572; *Collier,* 722 F.2d at 655–56; *Wiideman,* 754 F.Supp. at 811. When a prisoner has lost his source of income, a fee based on his average income over the past

few months may be inappropriate. *See Epps*, 888 F.2d at 967; *Bullock v. Suomela*, 710 F.2d 102, 103 (3d Cir.1983); *Green*, 649 F.2d at 302.

The record in this case indicates that the district court imposed the five dollar filing fee without giving Alexander the opportunity to explain why he had no funds in his account despite his recent average income of $27.67 a month. We remand to the district court with instructions to provide Alexander with that opportunity.

**REVERSED and REMANDED.**