37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arturo M. BOWMANE, Plaintiff-Appellant,
v.
Ron ANGELONE; Brenda Burns; and Ralph Owens, Defendants-Appellees.
 No. 94-15579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 27, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Arturo M. Bowmane appeals pro se the district court's dismissal without prejudice of his action for failure to pay a partial filing fee. Bowmane alleges that the district court's policy of requiring a partial filing fee is an abuse of the court's power under 28 U.S.C. Sec. 1915. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's decision to impose a partial filing fee pursuant to 28 U.S.C. Sec. 1915 for an abuse of discretion. Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir.1993). We affirm.
 
 
 3
 Recently, we upheld the Nevada District Court's policy of determining a pro se prisoner's partial filing fee on "either the value of [his] assets, or the average income over the past six months, whichever is greater." Id. We noted, however, that the district court cannot apply this formula mechanically. Id. The district court "may consider the plaintiff's cash flow in the recent past, and the extent to which the plaintiff has depleted his savings on nonessentials." Id. Thus, if a prisoner cannot pay a partial filing fee because he depleted a previously adequate account, the district court may require the prisoner to justify the depletion. Id.
 
 
 4
 The record in this case indicates that the district court imposed a five dollar filing fee based on Bowmane's average monthly net deposits over the past six months which totalled $34.20. On 8 September 1993, Bowmane filed a response to the district court's order imposing the five dollar filing fee. While it is unclear, it seems that Bowmane was arguing that although his average income over the past six months was $34.20 he could not pay the partial filing fee because he had depleted all of his assets. Bowmane, however, did not provide the district court with any information indicating how he had depleted his account or why his cash flow was insufficient to pay the partial filing fee. Bowmane never paid the five dollar partial filing fee. The district court, therefore, dismissed Bowmane's action without prejudice.
 
 
 5
 Because Bowmane did not provide the district court with specific information indicating how he had depleted his account or why his cash flow was insufficient to pay the partial filing fee, and because the district court dismissed Bowmane's action without prejudice, we conclude that the district court did not abuse its discretion. See id. at 1449. Should Bowmane wish to refile his action and seek leave to proceed in forma pauperis, he should provide the district court with information relevant to his cash flow in the recent past and the extent to which he depleted his account on nonessentials. See id. at 1449-50.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3