110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark A. THIERMAN, Plaintiff-Appellant,
v.
Stuart GERSON, Sharon Kurn; Steven Keller; Susan Strawn;
John Fleder; Robert Coleman; Apul Vogel; Armando Chavez;
Michael Roberts; William Aken; Joseph Doehler; David
Kessler; Jeffrey Sandberg, Greg Nelson; Eric Owen; Mark
Moger; Frank Hunger; Robert Manning, Defendants-Appellees.
 No. 95-15471.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Alan Thierman, a federal prisoner, appeals pro se the district court's denial of his motion to reconsider the denial of his motion to proceed in forma pauperis in his Bivens action. Thierman contends that the district court erred by denying his motion to proceed in forma pauperis because the district court previously determined that he was indigent on two occasions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996), and we affirm.
 
 
 3
 Thierman contends that the district court's decision to deny him in forma pauperis ("IFP") status was inconsistent with prior findings of indigence and erroneously based on the presence of $22,000 in frozen assets. We disagree.
 
 
 4
 The district court has broad discretion to deny a prisoner's in forma pauperis motion. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). Courts of appeal have limited powers of review, but may affirm on any ground supported by the record. See id. at 617. When determining indigence under 28 U.S.C. § 1915, the court may consider the defendant's recent cash flow and the extent of fund depletion on nonessentials. See Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir.1993).
 
 
 5
 Here, Thierman argues that he cannot be denied IFP status based on frozen assets because he does not have access to them. He also claims that the district court realized its error by ordering him to file a new affidavit of indigence with his motion to reconsider the denial of his IFP motion.
 
 
 6
 The district court determined that Thierman was capable of paying the $120.00 filing fee because he had $228.40 in his prison trust account and owned three automobiles worth approximately $7,500, collectively. Although the district court considered the government's hold on some of Thierman's money, and his claim that he was deeply indebted to his parents for legal expenses, it found that his debts were not due, his cars were not encumbered, and he would still have money in his prison trust account if he paid the filing fee.
 
 
 7
 The district court properly denied Thierman's motion to reconsider based on the amount of deposits and withdrawals from his prison account over a six month period, and his unencumbered disposable income at the time of filing. See id.. Additionally, the district court ordered Thierman to file a new affidavit of indigence because he failed to comply with section 1915(a) when initially filing his motion for reconsideration, not because it had erroneously denied IFP status. See 28 U.S.C. § 1915(a) (1994). Therefore, the district court did not abuse its discretion by denying Thierman IFP status. See Sheet Metal Workers' Int'l Ass'n Local Union No. 359, 84 F.3d at 1192.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's denial of Thierman's motion for reconsideration, it is unnecessary for us to consider his claim that we should remand this case to a different judge