**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH CURIALE,

     Plaintiff - Appellant,

v.

JAN GRAHAM; PEGGY SWENSON,
Office of Personnel, Utah State
Information Specialist; RUEBEN
ORTEGA, Chief of Salt Lake City
Police,

     Defendants - Appellees.

No. 96-4125
(D.C. No. 96-CV-616)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK** and **LUCERO**, Circuit Judges.

     Mr. Joseph Curiale, a resident of Utah, brought a civil rights claim against

various Utah state officials. Mr. Curiale, who proceeded pro se in the district

court--as he does before us, applied to proceed in forma pauperis, pursuant to 28

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

U.S.C. § 1915.  In his financial declaration, Mr. Curiale stated that his monthly income was approximately $1130, and that he had $464 in a savings account.  The district court denied Mr. Curiale's application, stating as its reason that "[p]laintiff has financial resources to enable him to pay filing fee."  ROA at 2.  Mr. Curiale appealed, applying to proceed in forma pauperis before this court.  We denied his application and Mr. Curiale thereafter paid the appellate docketing fee, and later filed with us a motion requesting $45,000 from the defendants for pain and suffering.

Federal courts may allow a suit to be brought without prepayment of fees.  28 U.S.C. § 1915(a)(1).  The denial of a motion to proceed in forma pauperis ("IFP") is appealable as a final decision under 28 U.S.C. § 1291.  Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975).  Consistent with the permissive language of § 1915(a)(1), we review the district court's denial of an application for permission to proceed IFP for an abuse of discretion.  See Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir. 1993).  In deciding whether to grant IFP status it is appropriate to consider plaintiff's income, the regularity of that income, his savings, as well as his financial obligations.  See generally id.  Although in his affidavit before the district court, Mr. Curiale noted that he is disabled and has to care for his wife and has medical expenses, he has a steady income from social security and veteran's benefits.

While his income may be modest, upon review of Mr. Curiale's financial affidavit, we cannot say the district court abused its discretion in refusing to allow him to proceed without paying the district court filing fee.

**AFFIRMED**.  All motions in this appeal pending before this court are **DENIED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge