124 F.3d 216
 97 CJ C.A.R. 1744
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph CURIALE, Plaintiff-Appellant,
v.
Jan GRAHAM; Peggy Swenson, Office of Personnel, Utah State
Information Specialist; Rueben Ortega, Chief of
Salt Lake City Police, Defendants-Appellee.
 No. 96-4125.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1997.
 
 Before TACHA, BALDOCK and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT*
 LUCERO, Circuit Judge.
 
 
 1
 Mr. Joseph Curiale, a resident of Utah, brought a civil rights claim against various Utah state officials. Mr. Curiale, who proceeded pro se in the district court--as he does before us, applied to proceed in forma pauperis, pursuant to 28
 
 
 2
 U.S.C. § 1915. In his financial declaration, Mr. Curiale stated that his monthly income was approximately $1130, and that he had $464 in a savings account. The district court denied Mr. Curiale's application, stating as its reason that "[p]laintiff has financial resources to enable him to pay filing fee." ROA at 2. Mr. Curiale appealed, applying to proceed in forma pauperis before this court. We denied his application and Mr. Curiale thereafter paid the appellate docketing fee, and later filed with us a motion requesting $45,000 from the defendants for pain and suffering.
 
 
 3
 Federal courts may allow a suit to be brought without prepayment of fees. 28 U.S.C. § 1915(a)(1). The denial of a motion to proceed in forma pauperis ("IFP") is appealable as a final decision under 28 U.S.C. § 1291. Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir.1975). Consistent with the permissive language of § 1915(a)(1), we review the district court's denial of an application for permission to proceed IFP for an abuse of discretion. See Alexander v. Carson Adult High School, 9 F.3d 1448, 1449 (9th Cir.1993). In deciding whether to grant IFP status it is appropriate to consider plaintiff's income, the regularity of that income, his savings, as well as his financial obligations. See generally id. Although in his affidavit before the district court, Mr. Curiale noted that he is disabled and has to care for his wife and has medical expenses, he has a steady income from social security and veteran's benefits. While his income may be modest, upon review of Mr. Curiale's financial affidavit, we cannot say the district court abused its discretion in refusing to allow him to proceed without paying the district court filing fee.
 
 
 4
 AFFIRMED. All motions in this appeal pending before this court are DENIED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 The case is unanimously ordered submitted without oral argument pursuant to Fed.R.App.P. 34(a) and 10th Cir.R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3